IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| BONNIE HULING, | : | |
|---|---|---|
| Plaintiff, | : | |
| v. | : | CASE NO. 4:10-CV-95-CDL-MSH |
| NANCY B. MILLER, | : | 42 U.S.C. § 1983 |
| Defendant. | : | |

## RECOMMENDATION OF DISMISSAL

On September 15, 2010, this Court ordered Plaintiff Bonnie Huling to file a supplemental complaint which would give "opposing parties fair notice of the basis for the claims against them so that they may respond and [would] allow the court to conclude that the allegations, if proven, show that the pleading party is entitled to relief." (Doc. 11) Petitioner filed his "more definite statement" on September 22, 2010. (Doc. 12.) However, Plaintiff's "Supplemental of Claim; Relitigations" fails to comply with the Court's Order as it fails to meet the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure.

Rule 8(a) requires that a pleading which states a claim for relief contain "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Rule 8(d)(l) provides that "each allegation must be simple, concise, and direct." As explained previously by this Court, these rules underscore the emphasis placed on clarity and brevity by the federal pleading rules.

Furthermore, from what the Court can discern, it appears that Plaintiff is actually seeking habeas relief in that he is claiming ineffective assistance of his appointed counsel.

(Doc. 12, p. 2.) It is of note, however, that a petition for habeas relief actually has a heightened pleading requirement which requires the petitioner to "specify all the grounds for relief available to the petitioner" and to "state the facts supporting each ground[.]" Rules Governing Section 2254 Cases in the united State District Courts (hereinafter "Habeas Corpus Rules") Rule 2(c); *see also Mayle v. Felix*, 545 U.S. 644, 655 (2005) (explaining that "Habeas Corpus Rule 2(c) is more demanding" than Federal Rules of Civil Procedure Rule 8(a)). Habeas Corpus Rule 2(c) requires petitioners to "plead with particularity" in order to "assist the district court in determining whether the State should be ordered to show cause why the writ should not be granted." *Mayle*, 545 U.S. at 656 (internal quotation marks and citation omitted). Additionally, "[u]nder Habeas Corpus Rule 4, if 'it plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court,' the court must summarily dismiss the petition without ordering a responsive pleading." *Id.* (alteration in original).

WHEREFORE, it is recommended that Plaintiff's complaint relief be DISMISSED WITHOUT PREJUDICE for failure to comply with this Court's September 15, 2010, Order, and for his failure to state a claim upon which relief could be granted in accordance with 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 636(b)(1), the Petitioner may serve and file written objections to this recommendation with the UNITED STATES DISTRICT JUDGE within fourteen (14) days after being served a copy of this recommendation.

**SO RECOMMENDED,** this 24th day of September, 2010.

S/Stephen Hyles
UNITED STATES MAGISTRATE JUDGE

lws